Gerald Robert BORNING,
Plaintiff-Appellant,

v.

L.J. HYMEL, Judge, 19th Judicial District Court, et al.,
Defendants-Appellees.

No. 85–3026.

United States Court of Appeals,
Fifth Circuit.

June 19, 1985.

Gerald R. Borning, pro se.

Before WILLIAMS, JOLLY, and HILL, Circuit Judges.

BY THE COURT:

Appellant Gerald Robert Borning's motion to this Court to proceed on appeal in forma pauperis is DENIED as untimely. If payment of the applicable fees is not received by the Clerk of Court within 15 days from the date of this Order, the appeal will be DISMISSED.

Appellant Gerald Robert Borning is at present a prisoner in the Louisiana State Correctional System. He filed a complaint in district court seeking copies of transcripts of his motion to suppress and his preliminary hearing and also seeking the sentencing transcript of his co-defendant. The district court interpreted this complaint as a petition for habeas corpus under 28 U.S.C. § 2254. The Court dismissed the suit for failure to exhaust state remedies, 28 U.S.C. § 2254(b). The district court then certified that appellant's timely notice of appeal was "not taken in good faith". But the court nevertheless certified that appellant was entitled to proceed on appeal in forma pauperis. These two findings are the result of the judge simply checking applicable provisions of the form which is in common use in the district courts. Several cases have come before us recently in which these same two certifications have been made.

These two conclusions of the district court cannot stand together. 28 U.S.C. § 1915(a) provides: "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." This Court has construed such certifications as a denial under Fed.R. App.P. 24(a) of leave to proceed on appeal in forma pauperis. The Rule is clearly phrased in the disjunctive, indicating that in any case in which the district court certifies the appeal is not taken in good faith, the district court cannot grant leave to appeal IFP. The party seeking to appeal

must seek leave to appeal IFP from the Court of Appeals.

Appellant was notified of the district court's certification by the mailing of a copy of the certification on January 15, 1985. It was not until March 15, 1985, however, that appellant sought leave to proceed on appeal in forma pauperis in this Court. The deadline for filing a motion for such leave is 30 days.

Appellant has not shown that he was unfairly prejudiced by the certifications of the district court since he did file the motion for leave to proceed IFP in this Court. He proffers no explanation by way of excuse for his untimely filing.