**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Paul Espinoza HERNANDEZ,**
**Defendant–Appellant.**

No. 89–6334
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 30, 1990.

---

24. It is undisputed that North Carolina law governs the common law claims in this case.

25. The charge also covered "programming of the chronoguard, and administrative functions."

26. Appellants have not challenged the awards of punitive damages against them, and we do not disturb those awards.

Paul E. Hernandez, pro se.

Peggy Morris Ronca, Paula C. Offenhauser, Asst. U.S. Attys., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEE, SMITH, and WIENER, Circuit Judges.

PER CURIAM:

Following his conviction of conspiracy to possess with intent to distribute cocaine, and of aiding and abetting in the possession with intent to distribute cocaine, defendant Paul Hernandez appeals from the district court's denial of his Fed.R.Crim.P. 41(e) motion to return to him jewelry worn by him and seized at the time of his arrest. Finding that the district court was correct in concluding that it had no jurisdiction to entertain the motion, we affirm.

## I.

The Drug Enforcement Administration initiated administrative forfeiture proceedings against Hernandez's property, as proceeds of unlawful activity in violation of 21 U.S.C. § 881(a)(6), pursuant to 19 U.S.C. § 1607 as incorporated by 21 U.S.C. § 881(d). The proceedings were stayed by the agency during a period in which Hernandez was a fugitive from justice. Hernandez does not assert that he received no notice; yet he failed to file a bond to stop the administrative forfeiture proceedings, as required by 21 C.F.R. § 1316.76, and the declaration of forfeiture proceeded under 21 C.F.R. § 1316.77. After receiving notice of the forfeiture, Hernandez filed a petition for remission or mitigation in the administrative process under 21 C.F.R. § 1316.79; the DEA denied the petition. Hernandez then filed a pro se motion for return of property under rule 41(e), which the district court denied for lack of jurisdiction.

## II.

Hernandez's arguments, amounting to a claim that he was deprived of his property without due process of law, are not properly before us, as the proper place to litigate the legality of the seizure is in the forfeiture proceeding. *Castleberry v. Alcohol, Tobacco, & Firearms Div.*, 530 F.2d 672, 675 (5th Cir.1976). Hernandez failed to comply with statutory requirements of a claim and bond under § 1316.76 in order to seek judicial determination. Instead, he filed a petition for remission or mitigation with the agency and a rule 41(e) motion in the district court. The only issue before us is whether the district court erred in denying Hernandez's motion under rule 41(e) for lack of jurisdiction.

A forfeiture proceeding under the Drug Abuse Prevention Act was intended to be a "civil in rem" proceeding, rather than a criminal sanction. *See United States v. D.K.G. Appaloosas, Inc.*, 829 F.2d 532, 543–45 (5th Cir.1987), *cert. denied*, 485 U.S. 976, 108 S.Ct. 1270, 99 L.Ed.2d 481 (1988). Rule 41(e) is a rule of *criminal* procedure, but Fed.R.Crim.P. 1 provides the following:

> These rules govern the procedure in all criminal proceedings in the courts of the United States, as provided in Rule 54(a); and, whenever specifically provided in one of the rules, to preliminary, supplementary, and special proceedings before United States magistrates and at proceedings before state and local judicial officers.

These rules do not apply to civil forfeiture of property for a violation of a statute. *See United States v. Rapp*, 539 F.2d 1156, 1160 (8th Cir.1976) (citing Fed.R.Crim.P. 54(b)(5)). Consequently, rule 41(e) cannot provide a jurisdictional basis in a civil action, and the district court did not err in denying Hernandez's motion for return of property under rule 41(e).

AFFIRMED.