USCA1 Opinion

 

 August 7, 1992 ____________________ No. 92-1073 92-1237 JESUS M. SANCHEZ, ET AL., Plaintiffs, Appellants, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Stahl, Circuit Judges. ______________ ____________________ Antonio Cordova-Gonzalez for appellants. ________________________ Jose F. Blanco, Assistant United States Attorney, with whom ______________ Daniel F. Lopez Romo, United States Attorney, and Miguel A. ______________________ __________ Fernandez, Assistant United States Attorney, were on brief, for _________ the United States. ____________________ ____________________ Per Curiam. Following the civil forfeiture of a ___________ substantial amount of cash that had been buried on a small farm in Puerto Rico, 21 U.S.C. 881(a)(6), the present plaintiffs instituted a separate civil action wherein they alleged that they were entitled to some or all of the money as finders of a "treasure trove." The district court dismissed the action. We affirm. It is apodictic that, if a forfeiture proceeding is properly instituted and consummated, the resultant decree is "conclusive upon the whole world" and competing claims to the res ___ cannot thereafter be litigated in a subsequent proceeding. Gelston v. Hoyt, 16 U.S. (3 Wheat.) 246, 320 (1818). Consistent _______ ____ with this time-honored principle, it is the general rule that a decree of forfeiture cannot ordinarily be subjected to collateral attack in the courts.1 We see no basis for departing from this settled rule in the instant case. The proper place to litigate the legality and validity of the forfeiture, and all competing claims to the property seized, is in the forfeiture proceeding itself. United States v. Hernandez, 911 F.2d 981, 983 (5th Cir. _____________ _________ 1990). Affirmed. Double costs in favor of appellee. ____________________________________________ ____________________ 1A final decree of forfeiture can, of course, be ameliorated administratively by remission or mitigation. See 19 U.S.C. ___ 1618; see also United States v. One Clipper Bow Ketch NISKU, 548 ___ ____ _____________ ___________________________ F.2d 8, 12 (1st Cir. 1977). 2