976 F.2d 724
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Jesus M. SANCHEZ, et al., Plaintiffs, Appellants,
v.
UNITED STATES of America, Defendant, Appellee.
 Nos. 92-1073, 92-1237.
 United States Court of Appeals, First Circuit.
 Aug. 7, 1992.
 
 Appeals from the United States District Court for the District of Puerto Rico [Jose Antonio Fuste, District Judge].
 Antonio Cordova-Gonzalez, for appellants.
 Jose F. Blanco, Asst. U.S. Atty., with whom Daniel F. Lopez Romo, U.S. Atty., and Miguel A. Fernandez, Asst. U.S. Atty., were on brief, for United States.
 D. Puerto Rico, 781 F.Supp 835
 AFFIRMED.
 Before SELYA, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Following the civil forfeiture of a substantial amount of cash that had been buried on a small farm in Puerto Rico, 21 U.S.C. § 881(a)(6), the present plaintiffs instituted a separate civil action wherein they alleged that they were entitled to some or all of the money as finders of a "treasure trove." The district court dismissed the action. We affirm.
 
 
 2
 It is apodictic that, if a forfeiture proceeding is properly instituted and consummated, the resultant decree is "conclusive upon the whole world" and competing claims to the res cannot thereafter be litigated in a subsequent proceeding. Gelston v. Hoyt, 16 U.S. (3 Wheat.) 246, 320 (1818). Consistent with this time-honored principle, it is the general rule that a decree of forfeiture cannot ordinarily be subjected to collateral attack in the courts.[1] We see no basis for departing from this settled rule in the instant case. The proper place to litigate the legality and validity of the forfeiture, and all competing claims to the property seized, is in the forfeiture proceeding itself. United States v. Hernandez, 911 F.2d 981, 983 (5th Cir.1990).
 
 
 3
 Affirmed. Double costs in favor of appellee.
 
 
 
 [1]
 A final decree of forfeiture can, of course, be ameliorated administratively by remission or mitigation. See 19 U.S.C. § 1618; see also United States v. One Clipper Bow Ketch NISKU, 548 F.2d 8, 12 (1st Cir.1977)