**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ralph COLE, Defendant–Appellant.**

**No. 96–40567.**

United States Court of Appeals, Fifth Circuit.

Dec. 9, 1996.

Paula Camille Offenhauser, U.S. Attorney's Office, Houston, TX, for plaintiff-appellee.

Ralph Cole, Three Rivers, TX, pro se.

Before DAVIS and JOHN M. DUHÉ, Jr., Circuit Judges, and DOWD,[1] District Judge.

JOHN M. DUHÉ, Jr., Circuit Judge:

Appellant Ralph Cole appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Cole moved to proceed *in forma pauperis* with this Court. Before reaching the merits of Cole's motion, we must determine the preliminary question whether the amended provisions of the Prison Litigation Reform Act of 1995 ("the Act") apply to petitions for § 2255 habeas corpus relief.

---

1. U.S. District Judge from the Northern District of Ohio, sitting by designation.

Congress enacted the Act as Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub.L. 104–134, 110 Stat. 1321 (1996). Section 804 of the Act amends 28 U.S.C. § 1915(b) to change the procedures prisoners seeking to proceed *in forma pauperis* in civil suits must follow. Even if a prisoner is granted *in forma pauperis* status, he may not be relieved from full payment of the filing fee. The Act directs that if the prisoner has funds in his prison trust account, he will be assessed an initial partial filing fee based on his average monthly deposits or balances. Thereafter, the prisoner must make monthly payments from his account towards the remaining balance of the filing fee. If a prisoner has no assets in his account and no way of making an initial payment, he may not be prevented from bringing an action.

We hold the Act is inapplicable to § 2255 petitions. Most persuasive is the fact Congress specifically addressed reforms to habeas corpus review in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1220 (1996). In Title I, Section 105, Congress amended § 2255 and detailed new procedures for prisoners who attack their sentences under that section. While the amended section goes into particulars of how those motions must now be filed, Congress makes no mention of changing filing fees in these proceedings. We therefore hold Congress distinguished procedures to be followed in habeas actions from those used in other civil litigation, and for that reason, the Act is inapplicable to habeas petitions under § 2255.

Three other circuit courts have already agreed the Act was not meant to apply to habeas actions. *Santana v. United States,* 98 F.3d 752 (3rd Cir.1996); *Martin v. United States,* 96 F.3d 853 (7th Cir.1996); *Reyes v. Keane,* 90 F.3d 676 (2nd Cir.1996). They all recognize habeas corpus proceedings are technically civil actions, *Santana,* 98 F.3d at 754; *Martin,* 96 F.3d at 855; *Reyes,* 90 F.3d at 678, but find several considerations that counsel against applying the Act to habeas petitions.

As the Third Circuit noted, while habeas petitions are technically civil actions, "habeas corpus cases are, in effect, hybrid actions whose nature is not adequately captured by the phrase 'civil action'; they are independent civil dispositions of completed criminal proceedings." *Santana,* 98 F.3d at 754. The court then cited a plethora of case law standing for the proposition that "[i]n light of their hybrid nature, habeas proceedings are often determined to be outside the reach of the phrase 'civil action.' " *Id.* at 754–55.

As well, the Second Circuit articulated a persuasive argument the Act does not apply to habeas proceedings because Congress did not intend it to apply. As that court stated:

First, the [Act] was aimed primarily at prisoners' suits challenging prison conditions, many of which are routinely dismissed as frivolous. There is nothing in the text of the [Act] or its legislative history to indicate that Congress expected its filing fee payment requirements to apply to habeas corpus petitions. Second, we note that Congress has endeavored to make the filing of a habeas corpus petition easier than the filing of a typical civil action by setting the district court filing fee at $5, compared to the $120 applicable to civil complaints.... Third, Congress gave specific attention to perceived abuses in the filing of habeas corpus petitions by enacting Title I of the AEDPA. That title imposes several new restrictions on habeas corpus petitions, but makes no change in filing fees or in a prisoner's obligation for payment of existing fees.

*Reyes,* 90 F.3d at 678 (citations omitted).

Finally, the Seventh Circuit recognized a purely practical difficulty with applying the Act to habeas corpus proceedings. If the Act applied, under the new § 1915(g) a prisoner who had filed three groundless civil suits would be prevented from petitioning for habeas relief if he could not pay the full filing fee. "This result would be contrary to a long tradition of ready access of prisoners to federal habeas corpus, as distinct from their access to tort remedies." *Martin,* 96 F.3d at 855–56.

For those reasons, we hold the provisions of the Act do not apply to 28 U.S.C. § 2255 proceedings.

Motion to proceed in forma pauperis is GRANTED.