IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-31193
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFRED HENRY, JR.,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 93-CR-20001
- - - - - - - - - -
July 17, 1997

Before REAVLEY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Alfred Henry, Jr., appeals the denial of his "Motion for Correction of Sentence" following his guilty-plea conviction for the use of a firearm in connection with a drug-trafficking crime in violation of 18 U.S.C. § 924(c). Henry incorrectly based the motion upon 18 U.S.C. § 3742, which does not authorize motion practice. The proper vehicle for Henry's challenge is 28 U.S.C. § 2255. See United States v. Santora, 711 F.2d 41, 42 (5th Cir.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1983).  Because the motion is a § 2255 motion, Henry must secure a certificate of appealability (COA) to obtain appellate review.  28 U.S.C. § 2253.  A ruling on a COA should be made in the first instance by the district court, <u>sua sponte</u> if no request is made.  <u>Muniz v. Johnson</u>, ___ F.3d ___ (5th Cir. May 20, 1997, No. 96-50508), 1997 WL 265120, at *2; <u>see</u> <u>United States v. Orozco</u>, 103 F.3d 389, 391 (5th Cir. 1996).  Henry made no such request in the district court, and there has been no ruling by the district court.  Accordingly, the case is remanded to the district court for it to determine whether a COA should issue and, if so, what issues warrant appealability.  <u>See</u> <u>Muniz</u>.  Additionally, it is noted that the district court erred by assessing the appellate filing fee pursuant to the Prison Litigation Reform Act (PLRA); the PLRA does not apply to appeals from the denial of § 2255 motions.  <u>United States v. Cole</u>, 101 F.3d 1076, 1077 (5th Cir. 1996).

REMANDED.