Samuel Fiacro PEÑA, Plaintiff–
Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 96–50644.

United States Court of Appeals,
Fifth Circuit.

Aug. 26, 1997.

Samuel Fiacro Pena, El Paso, TX, pro se.

Richard L. Durbin, Jr., Asst. U.S. Attorney, Walter David Counts, Inc., San Antonio, TX, for Defendant–Appellee.

Before POLITZ, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Prisoner Samuel Peña, proceeding *pro se* and *in forma pauperis* ("IFP"), seeks to appeal the district court's refusal to order him compensated for the government's destruction of his seized property. Concluding that his motion is a civil action and, therefore, that he is subject to the new requirements imposed upon prisoners proceeding IFP, we remand to allow the district court to rule on his appellate IFP application.

I.

In June 1994, pursuant to a search warrant, federal officers searched the house of Samuel and Doris Peña for evidence of drug trafficking. They seized numerous items, including Peña's legal records, wallet, birth certificate, driver's license, photographs, and various personal papers. These items were not used in any legal proceeding.

Peña, under incarceration for a crime in another jurisdiction, filed a motion for return of the seized property under FED. R.CRIM. P. 41(e).[1] After considerable delay, the govern-

---

1. Rule 41(e) reads as follows:

A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that he is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. If a motion for return of property is

ment filed an answer stating that the property had been destroyed; the government has not given any explanation why this occurred. Without giving Peña a chance to respond, the district court dismissed the suit as moot.[2]

## II.

### A.

As a threshold matter, we must decide whether Peña is subject to the Prison Litigation Reform Act ("PLRA") of 1995, title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, § 804(a), Pub.L. No. 104–134, 110 Stat. 1321 (1996) (codified at 28 U.S.C. § 1915). We have held that the PLRA's requirements apply to prisoners whose appeals were pending on the PLRA's effective date. *See Strickland v. Rankin County Correctional Facility*, 105 F.3d 972, 973–74 (5th Cir.1997).

■ The PLRA, by its very terms, applies only to a "civil action or proceeding." 28 U.S.C. § 1915(a)(2). Therefore, defendants bringing direct criminal appeals are not subject to the PLRA, nor are habeas petitioners, *see Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997) (§ 2254 petitioners); *United States v. Cole*, 101 F.3d 1076, 1077 (5th Cir.1996) (§ 2255 motions).

### B.

### 1.

Because Peña is *pro se*, we construe his pleadings liberally. *See Nerren v. Living-*

*ston Police Dep't*, 86 F.3d 469, 472 & n. 16 (5th Cir.1996). Thus, we must consider whether Peña's motion should be construed as an independent civil suit under 28 U.S.C. § 1331[3] or as a rule 41(e) motion. For example, when the seized property is the object of civil forfeiture proceedings, we construe a rule 41(e) motion as a § 1331 action.[4] Our jurisprudence is less settled when, as here, there are no civil forfeiture proceedings.[5]

### 2.

■ If Peña's action properly is characterized as a civil action under § 1331, there can be no question that the PLRA applies. *See United States v. Rodgers*, 108 F.3d 1247, 1249 n. 1 (10th Cir.1997) (applying the PLRA to a motion for return of seized property styled as a rule 41(e) motion but actually a suit under § 1331). If Peña's action actually is a rule 41(e) motion, it still is a civil action within the meaning of the PLRA, despite its placement in the Rules of Criminal Procedure.

A motion for the return of seized property is a suit against the United States for property or money. As a common sense matter, this is a civil proceeding. Even when we have applied rule 41(e) to such an action, we have held that the proceeding is civil in na-

---

made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

2. Although we have no precedent on point, we note that three of our sister circuits have decided that the destruction of the property does not moot the action, because the movant still can seek damages. *See Thompson v. Covington*, 47 F.3d 974, 975 (8th Cir.1995) (per curiam); *Mora v. United States*, 955 F.2d 156, 159 (2d Cir.1992); *United States v. Martinson*, 809 F.2d 1364, 1368–69 (9th Cir.1987); *see also United States v. Francis*, 646 F.2d 251, 262–63 (6th Cir.1981) (finding the motion not moot where seized money had been turned over to a state government).

3. A suit under § 1331 invokes "the general equitable jurisdiction of the federal courts." *Richey v. Smith*, 515 F.2d 1239, 1243 (5th Cir.1975). The "jurisdiction to order suppression or return

... exists not by virtue of any statute but rather derives from the inherent authority of the court over those who are its officers." *Hunsucker v. Phinney*, 497 F.2d 29, 32 (5th Cir.1974).

4. *See United States v. Robinson*, 78 F.3d 172, 174 (5th Cir.1996); *cf. United States v. Hernandez*, 911 F.2d 981, 983 (5th Cir.1990) (per curiam) (finding rule 41(e) inapplicable in a suit for the return of property subject to civil forfeiture).

5. *See Industrias Cardoen, Ltda. v. United States*, 983 F.2d 49, 51 (5th Cir.1993) (per curiam) (declining to answer this question). *Compare United States v. Dean*, 100 F.3d 19, 20 (5th Cir.1996) (per curiam) (applying rule 41(e) after criminal proceedings had ended) *and Hunt v. United States Dep't of Justice*, 2 F.3d 96, 97 (5th Cir. 1993) (per curiam) (appearing to apply rule 41(e)) *with Hernandez*, 911 F.2d at 983 (suggesting that rule 41(e) does not apply to civil actions).

ture.[6] Therefore, Peña's action, whether a rule 41(e) motion or a § 1331 action, qualifies as a civil action.

### 3.

Our rationale for not applying the PLRA to habeas actions does not extend to rule 41(e) motions. In *Cole,* 101 F.3d at 1077, we declined to apply the PLRA to a habeas motion under 28 U.S.C. § 2255 because (1) habeas proceedings often are considered not to be civil actions; (2) the PLRA was passed contemporaneously with Title I of the Anti-terrorism and Effective Death Penalty Act ("AEDPA") of 1996, §§ 101–108, Pub.L. No. 104–132, 110 Stat. 1214, 1217–26 (1996) (codi-fied at 28 U.S.C. §§ 2244–2266), which gov-erned such actions; and (3) there is a long tradition of ready access to habeas relief. *See Cole,* 101 F.3d at 1077; *see also Carson,* 112 F.3d at 820 (applying the same reasoning to § 2254 actions).

None of these factors applies to rule 41(e) proceedings, which have always been consid-ered to be civil actions. *See United States v. Koenig,* 290 F.2d 166, 169 (5th Cir.1961), *aff'd sub nom. DiBella v. United States,* 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962). The AEDPA did not affect such motions, and there is no tradition of ready access to this sort of relief. Whether Peña's action is a § 1331 suit or a rule 41(e) motion, the PLRA governs it.

### III.

Peña already has filed the financial docu-ments required by 28 U.S.C. § 1915(a)(2). He was granted IFP status before the dis-trict court, which, however, did not grant him permission to proceed IFP on appeal. We have held that a prisoner seeking to proceed IFP on appeal must obtain leave to do so even if he proceeded IFP in the district court. *See Morgan v. Haro,* 112 F.3d 788, 789 (5th Cir.1997) (per curiam).

■ When the district court has not ruled on a prisoner's application to proceed IFP on appeal, the proper course is to hold the ap-peal in abeyance and remand. *See William-*

*son v. Mark,* 116 F.3d 115, 115 (5th Cir.1997) (per curiam). On remand, the court should rule on the IFP application and, if it grants the application, should order payment of the proper appellate filing fees as required by 28 U.S.C. § 1915(b)(1). *See id.* We retain jur-isdiction for all other purposes. *See id.*

REMANDED.

---

**6.** *See Hunt,* 2 F.3d at 97; *Industrias Cardoen,* 983 F.2d at 51; *accord United States v. Madden,* 95

F.3d 38, 40 (10th Cir.1996); *United States v. Garcia,* 65 F.3d 17, 20 (4th Cir.1995).