IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50921
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOEL ACOSTA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-95-CV-388-H
USDC No. EP-93-CR-246-1-H
--------------------
May 8, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Joel Acosta, federal prisoner #62631-080, seeks to appeal from the denial of his motion for relief from sentence pursuant to 28 U.S.C. § 2255. The district court certified that Acosta's appeal was not taken in good faith, granted him leave to appeal in forma pauperis (IFP) for the purpose of challenging the bad-faith determination, and assessed the appellate filing fee against Acosta pursuant to the provisions of the Prison

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b).  We construe Acosta's appellate brief as a motion to proceed IFP on appeal, challenging the bad-faith certification.  *Baugh v. Taylor*, 117 F.2d 197, 202 (5th Cir. 1997).

The PLRA's financial screening and assessment provisions do not apply to § 2255 motions and appeals.  *United States v. Cole*, 101 F.3d 1076, 1077 (5th Cir. 1996).  The district court therefore erred by assessing appellate filing fees against Acosta pursuant to the PLRA.  The portion of the certification order assessing Acosta pursuant to the PLRA therefore is VACATED and the district court is DIRECTED to refund to Acosta any portion of the appellate filing fee that has been paid.

Moreover, because the PLRA's screening and assessment provisions do not apply to Acosta, the district court erred by granting Acosta IFP for the purpose of challenging the bad-faith determination.  The proper disposition would have been an order certifying that the appeal was in bad faith, denying IFP on appeal, and doing no more.  *See Borning v. Hymel*, 764 F.2d 1041, 1041-42 (5th Cir. 1985).  The grant of IFP for the limited purpose of challenging the certification therefore is VACATED.

Acosta contends that he received ineffective assistance of counsel because counsel failed to file any pretrial motions raising an entrapment defense; failed to develop facts suggesting that he lacked the mens rea needed to commit the crimes of which he was convicted; failed to move for the suppression of evidence because he was stopped and arrested without probable cause; failed to challenge the pretextual stop of his car; failed to

advise him regarding the Sentencing Guidelines or possible sentences; failed to explain the benefits of pleading guilty; and erred by eliciting his testimony about a 1990 incident involving Investigator Johnny Paniagua. Acosta's contentions are unavailing.

Police had ample cause for the stop and search of Acosta's car and for his arrest. *United States v. Hensley*, 469 U.S. 221, 232 (1985); *United States v. Ibarra-Sanchez*, 199 F.3d 753, 759 (5th Cir. 1999). Counsel was not ineffective for failing to raise a probable-cause challenge. Paniagua's testimony would have been admissible to impeach Acosta's testimony that he did not smell marijuana in the car he was driving and had never been exposed to that smell and was relevant to Acosta's intent and knowledge. FED. R. EVID. 404(b), 608(b). Counsel was not ineffective for anticipating and attempting to blunt Paniagua's testimony. Acosta's allegation in the district court that counsel did not advise him regarding the Sentencing Guidelines and possible sentences was conclusional and did not give rise to any habeas issue. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Acosta has failed to demonstrate plain error regarding his remaining issues, which he raised for the first time on appeal. *United States v. McPhail*, 112 F.3d 197, 199 (5th Cir. 1997).

IFP DENIED; ASSESSMENT VACATED; REFUND DIRECTED; LIMITED IFP GRANT VACATED; APPEAL DISMISSED. 5TH CIR. R. 42.2.