Filed:  May 31, 2000

**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

No. 99-6398

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BYRON JONES, a/k/a Carl Lee, a/k/a "B",

Defendant - Appellant.

─────────────

ORDER

─────────────

Byron Jones seeks to appeal an order of the district court denying in part his motion for the return of property pursuant to Federal Rule of Criminal Procedure 41(e).[1] We conclude that Jones' motion, filed after his conviction, is a civil action for purposes of the filing fee provision of the Prisoner Litigation Reform Act (PLRA) of 1995.  See Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804(a), 110 Stat. 1321-66, 1321-73 to -74 (1996)

─────────────

[1] Rule 41(e) provides in relevant part that "[a] person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property."

(amending 28 U.S.C.A. § 1915 (West Supp. 1999)).  Therefore, the filing fee provision of the PLRA applies to Jones' appeal.

## I.

Jones seeks the return of property seized in a search incident to his arrest in April 1992.  He was convicted and sentenced in 1993; this court affirmed his conviction in 1994.  See United States v. Jones, 16 F.3d 413 (4th Cir. 1994) (per curiam) (unpublished table decision).  He filed this Rule 41(e) motion in June 1997.  As is relevant here, the district court denied the motion in part and Jones filed a timely notice of appeal.  Jones moves to proceed on appeal in forma pauperis.

The PLRA amended the in forma pauperis statute, 28 U.S.C.A. § 1915 (West Supp. 1999), such that a prisoner who brings "a civil action"--a term not defined in the statute--or an appeal must pay the full filing fee.[2]  28 U.S.C.A. § 1915(b)(1).  Accordingly, we must determine whether a post-conviction motion for the return of property is a "civil action" for purposes of § 1915(b)(1).

Rule 41(e) motions are civil insofar as they do not involve the punishment of crime but rather seek property or money from the government.  See Peña v. United States, 122 F.3d 3, 4-5 (5th Cir.

---

[2] The PLRA allows the prisoner to pay the filing fee in installments through his prison account.  See 28 U.S.C.A. § 1915(b)(1), (2).  Further, a prisoner can bring a civil action or appeal even if he has no assets and no means to pay the fee.  See id. § 1915(b)(4).

1997).  And, in the context of determining the proper venue for Rule 41(e) motions, we have previously held that a post-conviction Rule 41(e) motion is a civil action.  See United States v. Garcia, 65 F.3d 17, 20-21 (4th Cir. 1995).  We have also concluded that a Rule 41(e) motion is civil with regard to the applicable appeal period.  See id. at 18 n.2; see also United States v. Solis, 108 F.3d 722, 722 (7th Cir. 1997) (stating that "a post-conviction Rule 41(e) motion will be treated as a civil equitable proceeding").  In fact, Jones concedes that Rule 41(e) motions are civil in nature. He nevertheless contends that the civil nature of these actions does not necessarily mean that they are "civil actions" within the meaning of the PLRA.  Instead, Jones argues that Congress intended for the PLRA to encompass only prisoner civil rights cases, such as actions brought under 42 U.S.C.A. § 1983 (West Supp. 1999). Although we are aware that Congress primarily targeted prisoner civil rights cases in enacting the filing fee provision of the PLRA, see Smith v. Angelone, 111 F.3d 1126, 1130 (4th Cir. 1997), the text of the Act is not limited to such actions.  Instead, Congress chose to make this filing fee provision applicable to all "civil action[s]."  As we have already concluded in different contexts that post-conviction Rule 41(e) motions are civil actions, we now extend that reasoning and hold that such motions are civil

actions for purposes of § 1915(b)(1) as well.[3]  See Peña, 122 F.3d at 4-5.

Jones argues that we should treat Rule 41(e) motions as we do habeas corpus actions--recognizing that habeas corpus actions are treated as civil in some regards, but holding that they are not civil actions for purposes of § 1915(b)(1).  See Smith, 111 F.3d at 1130-31.  However, the reasons for excluding habeas actions from the purview of the fee provision of the PLRA do not apply to Rule 41(e) motions.  See Peña, 122 F.3d at 5.  For example, in Smith we noted that habeas actions are a unique hybrid of civil and criminal.  See Smith, 111 F.3d at 1130.[4]  Also, while we assumed in Smith that Congress could not have intended the inequitable result of barring access to habeas relief as a result of the "three strikes" provision of the PLRA, Rule 41(e) motions have not had a similarly "long tradition of ready access of prisoners."  Id. at 1131 (internal quotation marks omitted).

---

[3] We stress that our holding is limited to post-conviction Rule 41(e) motions.  Cf. Fed. R. Crim. P. 41(e) (stating that a Rule 41(e) motion brought during criminal proceedings "shall be treated also as a motion to suppress").

[4] Jones argues that Rule 41(e) motions are a procedural rarity because the jurisdiction of the district court to hear a Rule 41(e) motion is ancillary to its criminal jurisdiction and because Rule 41(e) motions are not independent causes of action but rather are a civil component of criminal proceedings.  However, the jurisdiction of a district court to entertain post-conviction Rule 41(e) motions is civil, and is not ancillary to its criminal jurisdiction.  See Garcia, 65 F.3d at 20.  Further, a person against whom no criminal proceedings are contemplated may bring a Rule 41(e) motion.  See id.

4

## II.

Accordingly, if Jones is unable to pay the full filing fee, he may apply to pay the fee in installments by filing the required PLRA forms with the office of the clerk of this court within twenty days.[5] Upon receipt of either the filing fee or the forms, we will proceed to consider the merits of Jones' appeal.

We further order that our ruling shall be applied prospectively only and shall not affect those post-conviction Rule 41(e) appeals in which the appellant has already been granted in forma pauperis status.

Entered at the direction of Judge Wilkins with the concurrences of Judge Motz and Judge King.

FOR THE COURT

_____
Clerk

---

[5] Our clerk of court is sending Jones the required PLRA forms along with a copy of this order.