**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-10002

RUSSELL B. CANFIELD; PEGGY A. CANFIELD,

Plaintiffs-Counter Defendants-Appellants,

VERSUS

AMERICAN EUROCOPTER CORPORATION;
DAN HAGLER; CHRISTIAN GRAS; LINDA BURKETT,

Defendants-Counter Claimants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas, Fort Worth

(4:99-CV-145-Y)

August 16, 2000

Before KING, Chief Judge, REYNALDO G. GARZA and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiffs Russell B. Canfield and Peggy A. Canfield appeal the dismissal of their claims against defendants American Eurocopter Corporation, Dan Hagler, Christian Gras and Linda Burkett and the award of attorney fees to the defendants. We

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

affirm.

FACTS AND PROCEDURAL HISTORY

On December 13, 1995, American Eurocopter terminated Peggy Canfield's employment. On January 3, 1996, Peggy Canfield executed a release of claims against American Eurocopter and its employees related to her employment, including Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e (1994)("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 (1994)("ADEA") in exchange for an enhanced severance package.

On August 29, 1997, Peggy Canfield filed a complaint in federal court alleging that American Eurocopter, Hagler, Gras, and Jerry Motsinger violated the ADEA and Title VII in decisions related to her termination. The district court dismissed all of her claims with prejudice and on July 28, 1998, the Fifth Circuit affirmed the dismissal. *See Canfield v. American Eurocopter Corp.*, No. 98-10072 (5th Cir. July 28, 1998)(unpublished)("*Canfield I*").

On January 19, 1999, Peggy Canfield, now joined by her husband Russell Canfield, filed the present lawsuit in state court. Defendants removed it to federal court. Plaintiffs filed an amended complaint alleging violations of ADEA and the Older Workers Benefit Protection Act, 29 U.S.C. § 626(f)(1)(1994)("OWBPA"), state statutory and common law fraud, civil conspiracy, and violation of fiduciary duty. The district court granted summary judgment for the defendants holding, "plaintiffs' claims in this cause are barred by the doctrine of res judicata or, alternatively, collateral estoppel. Additionally, plaintiffs were not 'consumers'

2

of goods and services, as required for claims under the Texas Deceptive Trade Practices and Consumer Protection Act. Finally, plaintiff Russell Canfield does not have standing to bring this suit." The final judgment, entered May 24, 1999, dismissed all of plaintiffs' claims with prejudice and ordered plaintiffs to bear all costs. Approximately one month later, the court granted the defendants' motion to set aside the final judgment and reopened the case to consider defendants' counterclaim for attorney fees and request for sanctions. On January 19, 2000, the court entered a final judgment awarding defendants $30,000 in attorney fees. The district court further enjoined plaintiffs from filing any lawsuits against defendant based on Peggy Canfield's employment with American Eurocopter.

### DISCUSSION

Plaintiffs appeared pro se in the district court and on appeal. Therefore, we are required to construe their pleadings liberally. *See Pena v. United States*, 122 F.3d 3, 4 (5th Cir. 1997).

Plaintiffs first challenge the district court's denial of their motion to remand. In reviewing a district court's denial of a plaintiff's motion to remand a case from federal court to state court, we apply a *de novo* standard of review. *See Sherrod v. American Airlines*, 132 F.3d 1112, 1117 (5th Cir. 1998). Under 28 U.S.C. § 1441(a), except as otherwise expressly provided by an act

3

of Congress, any civil action filed in state court may be removed to federal court when the district court would have original jurisdiction. *See id.* at 1118. Because plaintiffs assert causes of action under the ADEA and the OWBPA, the district court had jurisdiction over their claims and did not err in denying their motion for remand.

Plaintiffs also challenge the district court's order denying their motion to amend their pleadings and the order staying discovery. We review these decisions for abuse of discretion. *See Ashe v. Corley*, 992 F.2d 540, 542 (5th Cir. 1993)(denial of leave to amend reviewed for abuse of discretion); *Munoz v. Orr*, 200 F.3d 291, 300 (5th Cir. 2000)(discovery rulings are reviewed for abuse of discretion). Plaintiffs sought to amend their complaint to add claims under 42 U.S.C. §§ 1983 and 1988. Because plaintiffs asserted no state action and because defendants are not state actors, the district court concluded that the additional claims were futile and denied the motion to amend. The district court's denial of plaintiffs' motion to amend was not an abuse of discretion. The defendants moved to stay discovery pending resolution of their motion for summary judgment. The district court granted the motion in part, specifically permitting discovery to go forward "as to issues related to Plaintiffs' execution of the Release and the enforceability of the Release." The district court did not abuse its discretion in so limiting discovery.

4

Plaintiffs next challenge the district court's grant of summary judgment for defendants, reurging their a claim for relief pursuant to the OWBPA as interpreted by *Oubre v. Entergy Operations, Inc.,* 522 U.S. 422 (1998). We review the summary judgment order *de novo*, employing the same standard for summary judgment applied by the district court. *Armstrong v. City of Dallas*, 997 F.2d 62, 65 (5th Cir. 1993). We specifically rejected this claim in *Canfield I*, holding "[t]he release, and [Peggy Canfield's] acknowledgment of same, complied with the requirements of a release set out in the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f)(1)," citing *Oubre*. *Canfield I*, at *2. The district court did not err in rejecting plaintiffs' claim in the present suit that defendants violated Peggy Canfield's rights under the OWBPA.

Finally, plaintiffs challenge the district court's grant of defendants' counterclaim for $30,000 in attorney fees as sanctions. Defendants moved for summary judgment on their counterclaim, alleging that plaintiffs violated Chapter Ten of the Texas Civil Practice and Remedies Code by signing a pleading that 1) was brought for an improper purpose; 2) was not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; and 3) contained allegations and factual contentions that plaintiffs knew had no evidentiary support even after a reasonable opportunity for

5

investigation. TEX. CIV. PRAC. & REM. CODE ANN. § 10 (Vernon Supp. 1999). Defendants further alleged that plaintiffs violated Chapter Nine of the Texas Civil Practice and Remedies Code by signing a pleading that was groundless and brought in bad faith, for the purpose of harassment and for the improper purpose of imposing additional litigation costs upon defendants. TEX. CIV. PRAC. & REM. CODE ANN. § 9 (Vernon Supp. 1999). Defendants submitted extensive documentary evidence to support their factual allegations. Plaintiffs responded that the remedies requested by defendants were unconstitutional, but did not refute defendants' factual allegations. We find no error in the district court's grant of summary judgment for defendants on the issue of attorney's fees.

## CONCLUSION

Based on the foregoing, we affirm the decisions of the district court. Appellants' motion to supplement the record with Peggy Canfield's medical records is denied.

Motion to supplement DENIED. AFFIRMED.