**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Thomas Harold STIGER, Defendant–Appellant.**

No. 00–6599.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2001.

Before DAUGHTREY and GILMAN,

Circuit Judges; COHN, District Judge.*

### ORDER

Thomas Harold Stiger, a federal prisoner, appeals his convictions for possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) and for possessing a counterfeit security in violation of 18 U.S.C. § 513. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 7, 2000, Stiger was arrested in his apartment and taken into custody. By an information dated August 4, 2000, and filed August 8, 2000, Stiger was charged with the above offenses. Stiger waived prosecution by indictment and pleaded guilty in open court on August 8, 2000, pursuant to a written plea agreement. Stiger thereafter filed numerous objections to the presentence investigation report and requested a downward departure because of his poor health and his substantial assistance to the government. The district court overruled Stiger's objections, denied his request for a downward departure, and imposed an enhanced sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), of 180 months in prison and 3 years of supervised release.

Stiger's court-appointed counsel has filed an appellate brief and a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal, but nonetheless raised the issue of whether the district court erred by not departing downward. Stiger has filed a response, asserting that: 1) counsel rendered ineffective assistance by failing to investigate and by failing to challenge the validity of the search; 2) counsel rendered ineffective assistance by not moving to dismiss when the government failed to file an indictment within 30 days of his arrest; and 3) counsel and the government coerced him into pleading guilty in exchange for medical care. Stiger also moves for miscellaneous relief.

Upon review, we grant counsel's motion to withdraw as counsel has filed an acceptable *Anders* brief. In the brief, counsel raises the only issues deemed arguable and properly concludes that no relief is warranted.

■ The district court's decision not to depart downward because of Stiger's health concerns evinces a purposeful decision not to depart downward and is not appealable. *United States v. Strickland*, 144 F.3d 412, 418 (6th Cir.1998). Likewise, the district court could not consider a substantial-assistance downward departure in the absence of a government motion as Stiger failed to make a substantial threshold showing that the government had refused to file a motion due to an improper motive. *See Wade v. United States*, 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992).

■ Stiger's pro se claims lack merit as well. Stiger's claims of ineffective assistance do not attack the voluntary or intelligent nature of his plea by showing that counsel's advice was inadequate, but in-

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

stead relate to earlier alleged constitutional deprivations. His claims have therefore been waived by his subsequent guilty plea. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 266–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (challenge to selection of grand jury is waived); *see also United States v. Bohn*, 956 F.2d 208, 209 (9th Cir.1992) (pre-plea ineffective assistance of counsel claims are waived). Stiger's claim that he was coerced into pleading guilty is belied by the record.

We additionally observe that Stiger was properly sentenced pursuant to his negotiated plea agreement. No reversible error is apparent from the record.

Accordingly, we grant counsel's motion to withdraw, we deny all of Stiger's pro se motions, and we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.