See, also, 20 Fed. Appx. 307.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas Harold STIGER, Defendant–**
**Appellant.**

No. 01–6554.

United States Court of Appeals,
Sixth Circuit.

Aug. 12, 2002.

Before MOORE and GILMAN, Circuit

Judges; and ROSEN, District Judge.[*]

## ORDER

Pro se federal prisoner Thomas Harold Stiger appeals a district court order that denied various irregular motions and set limits on his improper filings. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Stiger is currently serving a 180–month sentence following his guilty plea to charges of being a felon in possession of a firearm and possession of a counterfeit security. *United States v. Stiger,* 20 Fed. Appx. 307 (6th Cir.2001) (unpublished), *cert. denied,* —— U.S. ——, 122 S.Ct. 1192, 152 L.Ed.2d 132 (2002). While his direct appeal was pending and while represented by counsel, Stiger filed a barrage of pro se papers in the district court. On September 10, 2001, in response to these filings, the district court enjoined Stiger from sending improper ex parte communications "directly to a judge or magistrate judge of this court or the judge's staff." The court noted that Stiger's filings concerned the propriety of his conviction and that no such filings would be considered while his appeal was pending. The court ordered Stiger to make his filings with the court clerk, ordered that the improper correspondence would be returned unopened, and directed the clerk not to *file* any document from Stiger without an order from a judge.

In this appeal, Stiger makes multiple irrelevant claims. He argues that the search warrant for his arrest was unconstitutional, he claims to be unraveling a con-spiracy, and he contends that his right of access to the courts has been improperly curtailed by a biased judge with retaliatory motives.

■ We affirm the district court's order in all respects, but note specifically three points raised in this appeal. First, Stiger's appeal is based on a misreading of the court's order. Although the judge limited his right to file improper correspondence in an inappropriate manner, he may send pleadings to the clerk. These pleadings are to be reviewed before filing, a legitimate and rational response that this court has employed in the face of similar circumstances. *Ortman v. Thomas,* 99 F.3d 807, 811 (6th Cir.1996); *Filipas v. Lemons,* 835 F.2d 1145, 1146 (6th Cir.1987). Contrary to Stiger's interpretation of the court's order, it sets no unreasonable limits on his right of access to the courts.

■ Second, contrary to Stiger's claims, nothing suggests that he is the victim of judicial bias. A party's subjective belief that a judge is biased does not merit relief. *United States v. Sammons,* 918 F.2d 592, 599 (6th Cir.1990) (regarding the question of recusal). No objective evidence of personal or extrajudicial bias exists in this case.

■ Third, and finally, Stiger's litigation betrays a mistaken belief that his guilty plea had no consequences. By his guilty plea, he is collaterally estopped from litigating the legality of the search warrant that led to his arrest. *See United States v. Real Property Known and Numbered as 415 East Mitchell Avenue,* 149 F.3d 472, 476 (6th Cir.1998).

[*] The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.