**Thomas Harold STIGER,
Plaintiff–Appellant,**

v.

**UNITED STATES of America,
Defendant–Appellee.**

Nos. 03–5657, 03–6291.

United States Court of Appeals,
Sixth Circuit.

April 30, 2004.

Thomas Harold Stiger, Miami, FL, pro se.

Sidney P. Alexander, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Defendant–Appellee.

Before: COLE and COOK, Circuit Judges; and SPIEGEL, District Judge.*

### ORDER

Thomas Harold Stiger appeals a district court judgment that confirmed a magistrate judge's decision in this action for return of property filed under Fed. R.Crim.P. 41(e) (now Fed.R.Crim.P. 41(g)), and a subsequent district court order clarifying fees assessed and owed in this case. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation.

Pursuant to a plea bargain agreement, Stiger pleaded guilty to possession of a firearm by a convicted felon and possession of a counterfeit security and was sentenced to 180 months imprisonment and three years of supervised release in 2000. While his convictions and sentence were pending before this court on direct appeal, Stiger filed his motion for return of property pursuant to Fed.R.Crim.P. 41(e) in the district court. After the government filed an answer, the district court ordered the clerk to docket the motion as a new civil action in equity and ordered Stiger to file an amended motion and the government to respond. Four days later, this court affirmed Stiger's convictions and sentence on direct appeal. *United States v. Stiger,* 20 Fed.Appx. 307 (6th Cir.2001).

Subsequently, Stiger filed an amended motion for return of property, and the government responded in opposition. After Stiger filed a reply, the district court referred the case to the magistrate judge for a determination or report and recommendation. On October 29, 2002, the magistrate judge conducted an evidentiary hearing regarding the return of Stiger's property. Following the hearing, the district court ordered Stiger to designate an individual to receive his personal property, concluding from the minutes of the hearing that there appeared to be no dispute as to the return of the property. Stiger complied with the district court's order. The magistrate judge then entered an order granting in part plaintiff's motion for return of property, and denying plaintiff's motions for discovery, for an expedited hearing on his motion for discovery, for sanctions, and to expedite his motion for sanctions. After the district court entered an "order confirming agreement" and judgment dismissing the action, Stiger filed objections to the magistrate judge's order. Stiger later filed a timely notice of appeal taken from the district court's judgment docketed as Case No. 03–5657.

The district court entered an order certifying that an appeal could not be taken in good faith and assessing the appellate filing fee in Case No. 03–5657, and Stiger filed a petition for a writ of mandamus with this court seeking an order directing the district court to reimburse excess filing fees assessed against his prison account. The district court entered an order clarifying fees assessed and owed, and assessed the $150 district court filing fee not previously assessed. Stiger filed a motion for reconsideration of the order clarifying fees, followed by an amended notice of appeal taken from that order docketed in this court as Case No. 03–6291. This court then denied Stiger's mandamus petition, *In re: Stiger,* No. 03–6049 (6th Cir. Oct. 24, 2003) (unpublished), and the district court later denied Stiger's motion for reconsideration.

On appeal, Stiger contends that the district court abused its discretion in: (1) entering its "order confirming agreement"; and (2) assessing the $150 district court filing fee two years after his motion was docketed as a new civil action. The government responds that any procedural error by the district court in adopting the magistrate judge's decision was harmless, and that the court properly assessed the district court filing fee. Upon consideration, we vacate the district court's underlying judgment on appeal in Case No. 03–5657, and affirm the district court's order clarifying fees on appeal in Case No. 03–6291.

When Stiger filed the instant motion, Fed.R.Crim.P. 41(e) provided that a person "may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property." The district court properly construed Stiger's Rule 41(e) motion as a civil action in equity

because Stiger did not file the motion until after his conviction. *See United States v. Dusenbery,* 201 F.3d 763, 768 (6th Cir. 2000); *United States v. Duncan,* 918 F.2d 647, 654 (6th Cir.1990). Generally, this court reviews a district court order denying a motion for the return of property only for an abuse of discretion. *See Duncan,* 918 F.2d at 654. Here, the district court's judgment must be vacated because the court did not conduct the required de novo review of the magistrate judge's order.

Any dispositive ruling by a magistrate judge is subject to de novo review by the district court in light of specific objections filed by any party. *See* Fed.R.Civ.P. 72(b); *Vogel v. U.S. Office Prods. Co.,* 258 F.3d 509, 515 (6th Cir.2001); *United States Fid. & Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir.1992). This circuit does not apply a harmless error analysis to a district court's failure to give the report and recommendation the required de novo review; rather, the review is constitutionally and jurisdictionally mandated under Article III of the Constitution. *See Massey v. City of Ferndale,* 7 F.3d 506, 510–11 (6th Cir.1993); *Flournoy v. Marshall,* 842 F.2d 875, 878–79 (6th Cir. 1988). In this case, the district court entered its order adopting the magistrate judge's report on September 21, 2000, before it had received Stiger's objections and, indeed, even before the applicable deadline had expired. Therefore, the court never considered the magistrate judge's order in light of the specific objections filed by Stiger. Consequently, this case must be remanded for the district court to consider Stiger's objections.

■ However, the district court's order clarifying fees must be affirmed. As previously noted, the district court properly construed Stiger's Rule 41(e) motion as a civil action in equity because Stiger did not file the motion until after his conviction.

*See Dusenbery,* 201 F.3d at 768. A Fed. R.Crim.P. 41(e) motion for return of property filed after a criminal conviction is a civil action subject to the district court filing fee. *See United States v. Jones,* 215 F.3d 467, 469 (4th Cir.2000); *Pena v. United States,* 122 F.3d 3, 4 (5th Cir.1997). While the filing fee was not imposed in this case until well after Stiger filed his motion, the district court nonetheless properly imposed the fee. Accordingly, the order clarifying fees is affirmed.

For the foregoing reasons, the district court's underlying judgment on appeal in Case No. 03–5657 is vacated, and the district court's order clarifying fees on appeal in Case No. 03–6291 is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit. The case is remanded to the district court for further proceedings consistent with this order.