# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-10336
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Anida Gilowski,

*Claimant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-451-20

———————————————————————

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Artur Gilowski was convicted by a jury of conspiracy to commit interstate transportation of stolen property and conspiracy to commit mail fraud. At his sentencing hearing, his wife, Anida Gilowski, signed a document in which she agreed not to contest the forfeiture of property, except for any interest in certain real property located in Barrington, Illinois.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10336

She filed a petition for adjudication of her interest in that property, which the district court denied. Anida appealed.

While her appeal was pending, Anida filed a pro se petition seeking adjudication of her interest in the property. The district court denied the petition for lack of jurisdiction, and Anida timely appealed.

The Government has moved to dismiss the appeal for lack of jurisdiction, arguing that when Anida appealed the final forfeiture order, the district court was divested of jurisdiction to consider her pro se petition. Alternatively, the Government moves for summary affirmance or an extension of time to file a brief. Because we have jurisdiction to review the district court's order denying Anida's petition, *see Barrera-Montenegro v. United States*, 74 F.3d 657, 658-60 (5th Cir. 1996); *United States v. Hernandez*, 911 F.2d 981, 982-83 (5th Cir. 1990), the Government's motion to dismiss the appeal for lack of jurisdiction is DENIED.

Anida has not identified any error in the district court's denial of her petition for lack of jurisdiction. Therefore, she has abandoned this issue on appeal by failing to brief it. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, Anida's appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2. The Government's additional motions for summary affirmance and for an extension of time to file a brief are DENIED.