**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-6491

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARIUS LATRON CHANEY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:03-cr-00040-MOC-1; 3:12-cv-00434-MOC)

Argued: September 26, 2018                     Decided: December 19, 2018

Before GREGORY, Chief Judge, and NIEMEYER and AGEE, Circuit Judges.

Dismissed by published opinion. Judge Niemeyer wrote the majority opinion, in which Judge Agee joined. Chief Judge Gregory wrote a separate opinion, concurring in part, dissenting in part, and concurring in the judgment.

**ARGUED:** Ann L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Anthony J. Enright, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Ross Hall Richardson, Interim Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

NIEMEYER, Circuit Judge:

In August 2003, Darius Latron Chaney pleaded guilty pursuant to a plea agreement to (1) carjacking, in violation of 18 U.S.C. § 2119; (2) use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c); and (3) possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Under the plea agreement, the government agreed, among other things, to dismiss two additional counts and to recommend that Chaney receive adjustments to his sentence for acceptance of responsibility. The plea agreement also provided that Chaney, "in exchange for the concessions made by the United States . . . waive[d] the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceeding under 28 U.S.C. § 2255." The waiver excepted claims for ineffective assistance of counsel and prosecutorial misconduct.

At sentencing, the district court imposed an aggregate sentence of 272 months' imprisonment, consisting of two concurrent sentences of 180 months on the carjacking count and 188 months on the § 922(g)(1) count and a statutory mandatory consecutive sentence of 84 months on the § 924(c) count. At the time of his sentencing, Chaney had five prior North Carolina convictions for breaking and entering, any one of which was used to support the element of his § 922(g)(1) conviction that he be a felon. *See* 18 U.S.C. § 922(g)(1) (defining a predicate felony offense as a "crime punishable by imprisonment for a term exceeding one year"). The prior North Carolina convictions also enhanced Chaney's sentence on that conviction, as well as on his carjacking conviction.

2

In 2012, following our decision in *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011) (en banc), Chaney filed a motion under 28 U.S.C. § 2255, challenging his § 922(g)(1) conviction and sentence, as well as his carjacking sentence. In *Simmons*, we held that North Carolina convictions such as Chaney's are not "punishable by imprisonment for a term exceeding one year" and therefore do not qualify as felonies under federal law. *See* 649 F.3d at 243–49. Accordingly, Chaney claimed that none of his prior offenses supported the element of his § 922(g)(1) conviction that he be a felon. He also argued that the unlawful § 922(g)(1) conviction affected his sentencing on the carjacking count and accordingly requested resentencing.

In response, the government agreed that Chaney was "actually innocent of the § 922(g)(1) conviction because he was not a felon at the time," and therefore it stated that, as to that count, it was waiving its defenses based on the waiver in Chaney's plea agreement and the statute of limitations under 28 U.S.C. § 2253(f) in order to allow vacation of Chaney's § 922(g)(1) conviction and sentence. But the government limited its waiver to the § 922(g)(1) conviction and continued to assert its defenses against Chaney's challenge to his carjacking sentence. It thus opposed Chaney's request for resentencing.

By order dated January 25, 2013, the district court granted Chaney partial relief, vacating his § 922(g)(1) conviction and sentence but declining to resentence him on the other two counts. The court entered an amended judgment in Chaney's criminal case on January 31, 2013, reimposing the 180-month sentence for Chaney's carjacking conviction and a consecutive 84-month sentence for his § 924(c) conviction.

3

Chaney filed this appeal on March 26, 2013, some 54 days after the court's amended judgment was entered.

I

At the outset, the government asserts that Chaney's notice of appeal filed 54 days after the amended judgment was not timely filed, as Federal Rule of Appellate Procedure 4(b) requires that a defendant in a criminal case file his notice of appeal within 14 days of the judgment. Chaney responds that because a § 2255 proceeding is civil in nature, any appeal was subject to the 60-day filing period contained in Federal Rule of Appellate Procedure 4(a). *See Browder v. Dir., Dept. of Corr.*, 434 U.S. 257, 269 (1978) (noting that "[i]t is well settled that habeas corpus is a civil proceeding"). Thus, if Chaney is appealing an order in a civil action, his notice of appeal was timely filed — *i.e.*, within 60 days of the order. But if he is appealing a new criminal judgment, his notice of appeal was not timely filed because it was filed beyond the 14-day appeal period.

Relying on the analysis in *United States v. Hadden*, 475 F.3d 652 (4th Cir. 2007), we conclude that Chaney was indeed appealing a new criminal judgment and therefore that his appeal was not timely filed and must be dismissed, *see United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017).

In *Hadden*, we considered whether an amended judgment entered following a § 2255 order was part of the habeas proceeding or part of the underlying criminal case to determine whether the prisoner there was required to obtain a certificate of appealability to appeal. We noted that, in ruling on a § 2255 motion, a district court first determines

whether the sentence is unlawful on one of the grounds specified in § 2255. *See Hadden*, 475 F.3d at 661. If the sentence is unlawful because of some legal defect in the conviction, the court must vacate the conviction and sentence. *Id.* In the second step of the process, the court must grant the defendant an appropriate remedy, including: (1) discharging the defendant, (2) granting a new trial, (3) resentencing the defendant, or (4) correcting the sentence. *Id.* We thus concluded that when the district court remedies an unlawful sentence by resentencing the defendant or correcting the sentence, "an order entering the result of such a resentencing or an order correcting the prisoner's sentence is a hybrid order that is both part of the petitioner's § 2255 proceeding and part of his criminal case." *Id.* at 664. The order is part of the § 2255 proceeding to the extent that it completes that proceeding, but to the extent that the order enters a new criminal sentence, it is part of the criminal case. *Id.* When a prisoner appeals the aspect of the order entering the new criminal sentence, by, for example, "challenging the *relief granted —* *i.e.*, whether the relief was 'appropriate' under § 2255, whether the new sentence was in conformity with the Constitution or sentencing guidelines, *etc. — he is appealing a new criminal sentence*." *Id.* (emphasis added). As we summarized, "to the extent the order vacates the original sentence and enters a new criminal sentence . . . the order is part of the prisoner's criminal case." *Id.*

Of course, when a prisoner appeals a new criminal sentence entered in his criminal case, he must comply with the rules applicable to appeals of criminal judgments, including Federal Rule of Appellate Procedure 4(b).

5

In this case, it is clear that Chaney is challenging the relief that the district court granted, arguing that in addition to vacating his § 922(g)(1) conviction and sentence, the court's judgment should have ordered resentencing on the carjacking conviction, rather than reimposing the prior sentences. He is thus challenging the relief granted in the judgment that the court fashioned. He does not argue that the district court erred in concluding that his challenge to his carjacking sentence was time-barred or that it was not cognizable on habeas review; he argues instead that regardless of the success of his challenge to the carjacking sentence, the court could have resentenced him on the carjacking count as part of the remedy it granted for his unlawful § 922(g)(1) conviction. Chaney asserts that "the fact that [he] brought an unsuccessful § 2255 claim directly challenging the sentence on [the carjacking count] makes no difference in the analysis," because the court failed to fashion an appropriate remedy — a "full resentencing" on the carjacking conviction upon the vacatur of the § 922(g)(1) conviction. It is thus apparent that Chaney is challenging "matters relating to the propriety of the *relief* granted" and is therefore "appealing a new criminal sentence." *Hadden*, 475 F.3d at 666 (emphasis in original).

Accordingly, we dismiss Chaney's appeal in this case as untimely under Federal Rule of Appellate Procedure 4(b).

## II

In addition to Chaney's failure to appeal timely, we conclude alternatively that the district court did not abuse its discretion in vacating only Chaney's conviction and

6

sentence on the § 922(g)(1) count and not ordering a resentencing on Chaney's carjacking conviction.

A district court has broad discretion in crafting relief on a § 2255 claim. Section 2255(b) provides that, after a district court concludes a sentence is unlawful because the underlying conviction was unlawful, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). As we have observed, this language "confers a 'broad and flexible' power to the district courts 'to fashion the appropriate remedy'" for an unlawful conviction. *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997) (quoting *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992)); *see also Hadden*, 475 F.3d at 669 ("The district court has 'broad and flexible power' under § 2255 to determine the nature and scope of the remedial proceedings in the first instance" (quoting *Hillary*, 106 F.3d at 1171)).

Chaney contends that the most "appropriate" remedy in this case would include a resentencing on his carjacking conviction — even though he has no cognizable claim that his carjacking sentence was illegal. The carjacking sentence was legally enhanced based on his North Carolina convictions, and any relief he could obtain from *Simmons* was not then available. Rather, he argues that the sentence for the offense was affected by his unlawful § 922(g)(1) conviction, which the court vacated. He relies on the "sentence-package theory," which, we have recognized, provides that in appropriate circumstances resentencing on all counts is a proper remedy under § 2255 for a single unlawful conviction. *See United States v. Smith*, 115 F.3d 241, 245 (4th Cir. 1997). But we have

7

also recognized that "nothing in the sentence-package theory forbids the district courts from doing what the text of § 2255 clearly permits: 'correcting' a prisoner's unlawful sentence without conducting a formal 'resentencing.'" *Hadden*, 475 F.3d at 669 (brackets omitted) (quoting 28 U.S.C. § 2255(g)). And indeed, that is precisely what the court did in this case. Having concluded that Chaney's § 922(g)(1) conviction was unlawful, the court chose to strike that conviction and sentence but to leave the sentences on the other two counts alone, thereby "indicat[ing] that it was satisfied with the resulting sentence." *Hadden*, 475 F.3d at 669. This choice cannot be said to have been an abuse of discretion.

Chaney argues that the district court refused to order a "full resentencing" because "it failed to recognize its authority" to do so. Specifically, he contends that the district court viewed the waiver in Chaney's plea agreement (and the government's other defenses) as prohibiting it from resentencing Chaney on his carjacking conviction. But Chaney does not — and cannot — contend that his plea-agreement waiver was irrelevant to the district court's decision on whether to order resentencing. In addition to facing the limitations bar of 28 U.S.C. § 2255(f), Chaney voluntarily and knowingly agreed to "waive the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceeding under 28 U.S.C. § 2255." That the government waived its defenses only with respect to Chaney's § 922(g)(1) conviction and continued to oppose resentencing on Chaney's other counts were matters that the court could legitimately consider in exercising its remedial discretion under § 2255.

While the court, in addressing Chaney's argument that he was "*entitled* to be resentenced" (emphasis added), rejected that argument based on various applicable provisions of law, such an analysis did not indicate that the court considered itself limited to granting the relief that it entered.

In sum, we conclude that the district court did not abuse its discretion in entering the amended judgment in the form that it did, and we would, alternatively, affirm the district court's order and amended judgment.

DISMISSED

GREGORY, Chief Judge, concurring in part, dissenting in part, and concurring in the judgment:

I agree with the majority's conclusion in Part I that Chaney is appealing a new criminal judgment under this Court's decision in *United States v. Hadden*, 475 F.3d 652 (4th Cir. 2007), and that his notice of appeal was not timely filed because it was filed after the 14-day appeal period set forth in Federal Rule of Appellate Procedure 4(b). I respectfully dissent from Part I, however, to the extent that it dismisses Chaney's appeal on the basis that it was untimely filed under Rule 4(b). Because that rule is not jurisdictional, and given the circumstances presented in this case, I would excuse the untimeliness of Chaney's appeal and reach the merits of his challenge. On the merits, I concur in the majority's alternative holding in Part II that the district court did not abuse its discretion in vacating Chaney's unlawful conviction and sentence on the § 922(g)(1) count and entering a corrected sentence without conducting a formal resentencing.

It is well-settled that the non-statutory time limits in Rule 4(b) "do not affect subject-matter jurisdiction." *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009); *see also United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017). We may therefore exercise our discretion to hear a criminal appeal not timely filed if we believe the circumstances justify our doing so. *See Bowles v. Russell*, 551 U.S. 205, 212 (2007) (recognizing that "procedural rules adopted by the Court for the orderly transaction of its business are not jurisdictional and can be relaxed by the Court in the exercise of its discretion" (quoting *Schacht v. United States*, 398 U.S. 58, 64 (1970))). In my view, the circumstances here counsel in favor of addressing the merits of Chaney's appeal.

10

As an initial matter, Chaney rightly points out that his notice of appeal was not "inordinately late." It was filed 54 days after the district court entered its amended judgment—40 days after Rule 4(b)'s criminal-appeal period of 14 days, but within Rule 4(a)'s civil-appeal period of 60 days. *Cf. Oliver*, 878 F.3d at 129 (dismissing an appeal as untimely filed under Rule 4(b) where the appellant "filed his notice of appeal more than three years and eight months after the district court entered the underlying judgment"). The Government does not claim to have been prejudiced by this 40-day delay. Indeed, the Government elected not to file a motion to dismiss Chaney's appeal and suspend briefing under Local Rule 27(f) on the basis that the appeal notice was not timely filed. *See United States v. Hyman*, 884 F.3d 496, 498 (4th Cir. 2018) (explaining that Local Rule 27(f) "allows a party to move to dismiss (1) on procedural grounds, *and* (2) at any time"). The Government instead waited until filing its response brief to raise this issue. *Cf. id.* at 500 (granting the Government's motion to dismiss an untimely criminal appeal where the Government "raised the dismissal argument before filing its response brief and within that brief").

More fundamentally, however, that Chaney's notice of appeal was timely filed under Rule 4(a)'s civil-appeal period reflects his reasonable belief that his appeal was an appeal from "the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). The majority and the Government cite no case, nor am I aware of any, in which a court has held that Rule 4(b) governs an appeal of an amended judgment correcting a prisoner's sentence after a successful § 2255 challenge. Although we conclude today that this result follows from *Hadden*, our decision in *Hadden* held only

11

that an appeal of an amended judgment correcting a prisoner's sentence was part of the prisoner's criminal case—at least to the extent that it challenged "the propriety of the *relief* granted"—such that he need not obtain a certificate of appealability under § 2253 to pursue the appeal. *See Hadden*, 475 F.3d at 664–66. This Court in *Hadden* had no occasion to address the separate question—at issue here—whether the 14-day appeal period in Rule 4(b) governs the appeal of any such amended judgment. Chaney's late-filed appeal thus reflects a reasonable misunderstanding of the law stemming from the lack of precedent on this question at the time the appeal was taken.

Chaney's mistake about the applicable appeal deadline is even more understandable given the complex relationship between the civil and criminal aspects of habeas proceedings. *See United States v. Jones*, 215 F.3d 467, 469 (4th Cir. 2000) (stating that "habeas actions are a unique hybrid of civil and criminal"). As the *Hadden* Court itself recognized, determining whether an amended judgment was part of a prisoner's criminal case or his § 2255 proceeding was not an easy or clear-cut task. *See Hadden*, 475 F.3d at 660 ("Our extensive research has discovered no cases directly addressing this issue."); *id.* at 663 ("When . . . the district court remedies a § 2255 petitioner's unlawful sentence by resentencing him or correcting his sentence, it is less clear whether the resentencing or correction itself is part of the prisoner's § 2255 proceeding or part of his criminal case."). After parsing the language of § 2255 and reviewing extensively the Supreme Court's decision in *Andrews v. United States*, 373 U.S. 334 (1963), this Court ultimately settled on an approach that split the difference. We held that "[b]ecause a § 2255 resentencing or correction of the prisoner's sentence []

12

bears traits of both a § 2255 proceeding and a criminal action, . . . an order entering the result of such a resentencing or an order correcting the prisoner's sentence is a hybrid order that is both part of the petitioner's § 2255 proceeding and part of his criminal case." *Hadden*, 475 F.3d at 664. "This interpretation," we acknowledged, was "somewhat novel," although it was consistent with the "hybrid" nature of habeas actions and faithful to the policies behind §§ 2253 and 2255. *Id.* at 664–65; *see also Jones*, 215 F.3d at 469.

Under these circumstances, where it remained unclear at the time of Chaney's appeal whether Rule 4(a) or Rule 4(b) applied to his challenge, and where this inquiry ultimately turns on the complex relationship between the civil and criminal aspects of habeas actions as recognized in *Hadden*, I would decline to dismiss this case on the basis that Chaney's appeal was not timely filed and would instead proceed to the merits.

Turning to the merits, I agree with the majority's alternative holding in Part II that the district court did not abuse its discretion in vacating Chaney's unlawful conviction and sentence on the § 922(g)(1) count and entering a corrected sentence rather than resentencing him. *See Hadden*, 475 F.3d at 669 (explaining that "[t]he district court has 'broad and flexible power' under § 2255 to determine the nature and scope of the remedial proceedings in the first instance" (quoting *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997))). Although Chaney contends that the district court failed to recognize that it had the authority to resentence him, the record shows that the court understood and addressed the parties' main arguments—including Chaney's argument that he was entitled to be resentenced—before exercising its discretion to correct the sentence rather than conduct a resentencing. *Cf. Ajan v. United States*, 731 F.3d 629, 633

13

(6th Cir. 2013) (vacating and remanding the district court's amended judgment because the record left unclear "whether the district court erroneously believed it had to correct [the] sentence in lieu of a resentencing"). For this reason, I discern no abuse of discretion and therefore join Part II of the majority opinion.