**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4310**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAY DEWAYNE LOUTHIAN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Timothy M. Cain, District Judge. (8:03-cr-00946-TMC-2)

Submitted: May 23, 2019

Decided: June 10, 2019

Before GREGORY, Chief Judge, WILKINSON, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Kathleen Michelle Stoughton, Alan Lance Crick, Assistant United States. Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ray Dewayne Louthian appeals from the district court's order modifying his sentence after granting in part, and denying in part, his authorized successive motion for relief under 28 U.S.C. § 2255 (2012). Louthian pled guilty in 2004 to conspiracy to rob a United States post office (Count 1), assault of a postal employee during commission of a robbery (Count 2), use of a firearm in relation to a crime of violence (Count 3), conspiracy to use a firearm in relation to a crime of violence (Count 4), theft of money orders (Count 5), and being a felon in possession of a firearm (Count 6), collectively in violation of 18 U.S.C. §§ 371; 500; 922(g); 924(a)(2), (c)(1)(A), (e), (o); 2114(a) (2012). He was designated as both: (1) an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and, (2) a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2003). Louthian was sentenced to a total term of 360 months' imprisonment, including a 180-month concurrent term for Count 6, the felon-in-possession charge.

Louthian filed a § 2255 motion in 2016, challenging his ACCA and career offender designations in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). The district court granted relief, in part, and resentenced Louthian to 120 months on Count 6, with a total term unchanged at 360 months' imprisonment. Louthian appeals.

Louthian argues that the district court should have conducted a resentencing hearing rather than merely correct his sentence. He also claims that district court

improperly used the 2015 version of the U.S. Sentencing Guidelines Manual when it revised his sentence.

A district court "has broad discretion in crafting relief on a § 2255 claim." *United States v. Chaney*, 911 F.3d 222, 225 (4th Cir. 2018). Although the court "is authorized to conduct a resentencing in awarding relief under § 2255—it is not required, in resolving every § 2255 motion, to conduct a resentencing." *United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007). As this court observed, a successful § 2255 proceeding must result in "the vacatur of the prisoner's unlawful sentence . . . and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence." *Id*; *see also* 28 U.S.C. § 2255(b) (2012) (providing that, after a district court concludes a sentence is unlawful because the underlying conviction was unlawful, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate"). "[T]he goal of § 2255 review is to place the defendant in exactly the same position he would have been had there been no error in the first instance." *Hadden* 475 F.3d at 665 (internal quotation marks omitted).

We find that the district court did not abuse its discretion by denying Lothian's request for a resentencing. The district court appropriately reduced Louthian's sentence on Count 6 to the statutory maximum of 120 months and made no changes to the remaining counts that were not impacted by the armed career criminal designation. Louthian also challenges the use of the 2015 edition of the Guidelines manual that was used to prepare his revised presentence report, arguing that the court should have used the

2016 edition. However, the district court did not rely on the presentence report in correcting Louthian's sentence. Therefore, any error, if at all, was harmless. Accordingly, we affirm for the reasons stated by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*