**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7064**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

CHARLES D. IZAC,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, District Judge.  (3:02-cr-00058-JPB-MJA-1; 3:16-cv-00099-JPB-MJA)

Submitted:  November 19, 2019                Decided:  November 22, 2019

Before WILKINSON and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Charles D. Izac, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2017, the district court granted relief on Charles Izac's 28 U.S.C. § 2255 (2012) motion, vacated his sentence, and entered an amended judgment imposing a sentence of time served to be followed by three years of supervised release. Izac filed a notice of appeal.

An amended judgment entered as a result of a § 2255 resentencing "is a hybrid order that is both part of the petitioner's § 2255 proceeding and part of his criminal case." *United States v. Hadden*, 475 F.3d 652, 664 (4th Cir. 2007). To the extent that Izac seeks to appeal the order granting § 2255 relief, denying his pending motions as moot, and vacating his sentence, we dismiss this portion of the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

The notice of appeal in a § 2255 proceeding must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The district court's amended order was entered on the docket on December 21, 2017. The notice of appeal was filed on July 19, 2019. Because Izac failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss this portion of the appeal.

Izac challenges the district court's imposition of a three-year term of supervised release. We conclude that the district court did not abuse its discretion.[*] *See* 18 U.S.C. § 3583(b)(2) (2012); *Chaney*, 911 F.3d at 225-26 (providing standard). Accordingly, we affirm the amended judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

---

[*] Izac's appeal from the amended judgment is also untimely, as it was filed beyond the 14-day appeal period. Fed. R. App. P. 4(b)(1)(A); *see United States v. Chaney*, 911 F.3d 222, 225 (4th Cir. 2018) (recognizing that appeal of new sentence imposed following grant of § 2255 relief must comply with Fed. R. App. P. 4(b)). However, the appeal period in a criminal case is not a jurisdictional provision, but rather a claims-processing rule. *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009). The Government did not file a motion to dismiss on timeliness grounds, and we therefore decline to dismiss this portion of the appeal. *See United States v. Oliver*, 878 F.3d 120, 129 (4th Cir. 2017) (absent Government motion, appeal period in criminal cases generally not enforced).