**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7620**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYMOND LEWIS PERRY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, Senior District Judge. (2:11-cr-00042-RGD-FBS-1; 2:16-cv-00302-RGD)

Submitted: April 27, 2020                                        Decided: May 6, 2020

Before FLOYD and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part, vacated and remanded in part by unpublished per curiam opinion.

Raymond Lewis Perry, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Lewis Perry appeals the district court's order and judgment granting in part Perry's 28 U.S.C. § 2255 (2018) motion and vacating Perry's conviction and term of imprisonment for Count 2, using, carrying, and possessing a firearm during and in relation to a crime of violence, and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 2 (2018), and correcting Perry's term of imprisonment for Count 4, using, carrying, and brandishing a firearm during and in relation to a crime of violence and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2 (2018). We affirm in part and vacate and remand in part.

Perry contends that he was entitled to a plenary resentencing and that his convictions for Counts 4, 6, and 8 are invalid because the underlying Hobbs Act robbery offenses are not crimes of violence. A district court "has broad discretion in crafting relief on a § 2255 claim." *United States v. Chaney*, 911 F.3d 222, 225 (4th Cir. 2018). Although the court is authorized to conduct a resentencing in awarding relief pursuant to § 2255, it is not required to do so. *United States v. Hadden*, 475 F.3d 652, 668 (4th Cir. 2007). As this court observed, a successful § 2255 proceeding must result in "the vacatur of the prisoner's unlawful sentence . . . and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence." *Id*. at 661; *see also* 28 U.S.C. § 2255(b). "[T]he goal of § 2255 review is to place the defendant in exactly the *same* position he would have been had there been no error in the first instance." *Hadden* 475 F.3d at 665 (internal quotation marks omitted).

2

We conclude that the district court did not abuse its discretion in denying Perry's request for a plenary resentencing. The district court appropriately vacated the term of imprisonment ordered for Count 2 and reduced Perry's term of imprisonment for Count 4. Perry was not entitled to resentencing on the remaining firearm convictions, Counts 6 and 8. Furthermore, the court properly found that Perry's convictions for Counts 4, 6, and 8, remained valid. *See United States v. Mathis*, 932 F.3d 242, 265-66 (4th Cir. 2019) (holding that Hobbs Act robbery constitutes a crime of violence under § 924(c)'s force clause). Yet, in vacating the sentence for Count 2, the district court should have also vacated the $100 special assessment and the 5-year term of supervised release ordered for that conviction.

Accordingly, we affirm in part the district court's order and judgment correcting Perry's term of imprisonment, but vacate that portion of the court's judgment ordering the $100 special assessment and 5-year term of supervised release for Count 2, and remand for the limited purpose of correcting Perry's total special assessment, and returning the $100 assessment for Count 2 if appropriate. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED AND REMANDED IN PART*