**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7761**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN SHERMAN LEE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, Senior District Judge. (4:05-cr-01124-TLW-1; 4:16-cv-02150-TLW)

Submitted: May 29, 2020                    Decided: June 22, 2020

Before NIEMEYER, MOTZ, and KEENAN, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

John Sherman Lee, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Sherman Lee seeks to appeal the district court's order and amended criminal judgment granting in part and denying in part his 28 U.S.C. § 2255 (2018) motion. The court granted relief on Lee's claim that he was improperly designated an armed career criminal and denied his remaining claims. Rather than conducting a full resentencing hearing, the court corrected the portion of the sentence that was infirm and entered an amended judgment, leaving in place the portions of the sentence that remained valid. We dismiss the appeal in part and affirm the court's amended criminal judgment.

An amended judgment entered as a result of a § 2255 resentencing "is a hybrid order that is both part of the petitioner's § 2255 proceeding and part of his criminal case." *United States v. Hadden*, 475 F.3d 652, 664 (4th Cir. 2007). To the extent the movant seeks to appeal the order by challenging the district court's decision not to grant relief on some of the claims in his § 2255 motion, he is appealing the final order in a proceeding under § 2255 and must obtain a certificate of appealability under 28 U.S.C. § 2253 (2018). *Id.* To the extent he seeks to appeal the order by challenging the propriety of the relief granted, he is appealing a new criminal sentence and need not obtain a certificate of appealability. *Id.*

With respect to the district court's denial of relief on Lee's habeas claims, the order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the

constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). We have independently reviewed the record and conclude that Lee has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss this portion of the appeal.

Next, Lee challenges his amended criminal judgment, asserting that the district court should have conducted a full resentencing. A district court "has broad discretion in crafting relief on a § 2255 claim." *United States v. Chaney*, 911 F.3d 222, 225 (4th Cir. 2018). Although the court "is authorized to conduct a resentencing in awarding relief under § 2255—it is not required, in resolving every § 2255 motion, to conduct a resentencing." *Hadden*, 475 F.3d at 661. As we have observed, a successful § 2255 proceeding must result in "the vacatur of the prisoner's unlawful sentence . . . and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence." *Id; see also* 28 U.S.C. § 2255(b). "[T]he goal of § 2255 review is to place the defendant in exactly the same position he would have been had there been no error in the first instance." *Hadden*, 475 F.3d at 665 (internal quotation marks omitted). As the court's amended criminal judgment put Lee in exactly the same position he would have held had there been no sentencing error, we conclude that the district court did not abuse its discretion.

3

Accordingly, we affirm the district court's amended criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*