**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4037**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEVON ANTHONY WARD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:02-cr-00034-BO-1)

Submitted:  September 17, 2020                           Decided:  September 30, 2020

Before GREGORY, Chief Judge, KING, Circuit Judge, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Sean P. Vitrano, VITRANO LAW OFFICES, PLLC, Wake Forest, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In June 2016, we authorized Jevon Anthony Ward to file a successive 28 U.S.C. § 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). The district court granted the § 2255 motion in part, agreeing that Ward no longer qualified for sentencing as an Armed Career Criminal, *see* 18 U.S.C. § 924(e), and ordering that he be resentenced without that enhancement. The court denied the § 2255 motion, though, as to all other claims. The court thereafter resentenced Ward to an aggregate term of 334 months' imprisonment. The amended criminal judgment was entered on the district court's docket on November 7, 2019. Ward filed a pro se notice of appeal on January 2, 2020.

Upon referral to this court, counsel for Ward filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising issues related to both the amended criminal judgment and the district court's rationale in the successive § 2255 proceeding, but conceding that none of them warrant relief. The Government thereafter moved to dismiss the appeal of the amended criminal judgment, asserting that Ward's pro se notice of appeal was not timely under Fed. R. App. P. 4(b). Ward filed a pro se supplemental brief.

To begin, an amended judgment entered as a result of a § 2255 resentencing "is a hybrid order that is both part of the petitioner's § 2255 proceeding and part of his criminal case." *United States v. Hadden*, 475 F.3d 652, 664 (4th Cir. 2007). To the extent Ward seeks to appeal the order by assigning error to the district court's denial of relief on some of the claims in his § 2255 motion, "he is appealing the final order in a proceeding under § 2255 and must obtain a COA [certificate of appealability] under § 2253." *Id*. (internal quotation marks omitted). On the other hand, to the extent Ward seeks to challenge the

2

propriety of the relief *granted*—for instance, whether the relief was proper under § 2255 or whether the new sentence contravenes the Sentencing Guidelines—"he is appealing a new criminal sentence" and, accordingly, need not first secure a COA. *Id.* For the reasons discussed below, we deny a COA and dismiss this appeal as to those issues related to the district court's order denying in part Ward's successive § 2255 motion, but we grant the Government's motion and dismiss this appeal as to the amended criminal judgment.

We first consider Ward's appeal of the district court's earlier order denying relief on all but one of the claims asserted in Ward's authorized, successive § 2255 motion. As discussed above, that order is not appealable unless a circuit justice or judge issues a COA. *See* 28 U.S.C. § 2253(c)(1)(B). A COA will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Ward has not made the requisite showing. Accordingly, we deny a COA and dismiss this appeal as to the district court's September 26, 2019, order denying in part Ward's authorized, successive § 2255 motion.

3

We turn, then, to Ward's appeal of the amended criminal judgment, which was imposed after the district court resentenced Ward pursuant to the prior grant of partial § 2255 relief. The Government moves to dismiss this appeal as to that aspect of the judgment, asserting the notice of appeal was not timely filed. We agree.

Because a prisoner appealing a new criminal sentence based on relief granted in a § 2255 motion must comply with Fed. R. App. P. 4(b)(1)(A), *see United States v. Chaney*, 911 F.3d 222, 224-25 (4th Cir. 2018), Ward had 14 days from entry of the amended criminal judgment to note an appeal, *see* Fed. R. App. P. 4(b)(1)(A)(i). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4). Although the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), "[w]hen the Government promptly invokes the rule in response to a late-filed criminal appeal, we must dismiss[,]" *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017).

Here, the district court entered the amended criminal judgment on November 7, 2019. Ward filed the pro se notice of appeal, at the earliest, on January 2, 2020—well after the 14-day appeal period expired on November 21, 2019. And although Ward proffered a viable excuse for the delay in this document, it was of no moment because the notice of appeal was also filed after expiration of the 30-day excusable neglect period set forth in

4

Fed. R. App. P. 4(b)(4).[*] *See United States v. Marsh*, 944 F.3d 524, 531 (4th Cir. 2019) (explaining that there is "a maximum period of 44 days after judgment in which to file a criminal appeal under Rule 4(b)"), *cert. denied*, No. 19-8228, 2020 WL 2515784 (U.S. May 18, 2020). Because Ward's notice of appeal was filed outside both the appeal period and the excusable neglect period, and the Government has promptly invoked the appeal's untimeliness, *see* 4th Cir. R. 27(f)(2), we grant the Government's motion to dismiss the appeal as to the amended criminal judgment.

Accordingly, we deny a certificate of appealability and dismiss this appeal as to the district court's order in the successive § 2255 proceeding and dismiss this appeal as to the amended criminal judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] Ward is not without a remedy, though, because he could file a § 2255 motion raising a *Peak* claim. *See United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993) (holding counsel's failure to file notice of appeal when requested to do so is per se ineffective assistance and the remedy is to vacate and reimpose the criminal judgment to permit appeal period to run again).

5