**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4420

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JIMMY JAY STRAYHORN, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:11-cr-00368-CCE-1)

Submitted:  June 15, 2023                         Decided:  June 20, 2023

Before DIAZ, RICHARDSON, and HEYTENS, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** William Stimson Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant.  Frank Joseph Chut, Jr., Assistant United States Attorney, Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmy Jay Strayhorn, Jr., appeals from the second amended criminal judgment and seeks a certificate of appealability on the district court's partial denial of his amended 28 U.S.C. § 2255 motion. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), indicating he has identified no meritorious issues for appeal but identifying as a potential issue for review whether the district court abused its discretion when it refused to conduct a full resentencing after vacating one of Strayhorn's convictions for using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).[1] Strayhorn has filed a pro se supplemental brief in further support of that argument. We affirm in part and dismiss in part.

When a hybrid appeal such as Strayhorn's is before the court, we have explained that, "[i]f the petitioner seeks to appeal the order by raising arguments relating to the district court's decision whether to grant relief on his § 2255 petition, he is appealing the final order in a proceeding under § 2255 and therefore must obtain a [certificate of appealability] under [28 U.S.C.] § 2253." *United States v. Hadden*, 475 F.3d 652, 666 (4th Cir. 2007) (internal quotation marks omitted). "If, on the other hand, the petitioner seeks to appeal

---

[1] The district court correctly determined that Strayhorn's conspiracy to commit Hobbs Act robbery conviction, in violation of 18 U.S.C. §§ 1951(a), 2, was no longer a proper § 924(c) predicate and thus vacated the corresponding § 924(c) conviction. *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding that residual clause of § 924(c) was unconstitutionally vague); *In re Thomas*, 988 F.3d 783, 789 (4th Cir. 2021) (holding that *Davis* "applies retroactively to cases on collateral review"); *United States v. Simms*, 914 F.3d 229, 233-34 (4th Cir. 2019) (en banc) (holding that Hobbs Act conspiracy could not constitute a "crime of violence" under elements clause of § 924(c)).

matters relating to the propriety of the *relief* granted, he is appealing a new criminal sentence and therefore need not comply with § 2253's [certificate of appealability] requirement." *Id*. Thus, we have jurisdiction over Strayhorn's challenge to the district court's refusal to conduct a resentencing hearing after it vacated Strayhorn's § 924(c) conviction premised on conspiracy to commit Hobbs Act robbery. However, as to any arguments pertaining to the district court's denial of relief on his habeas claims, Strayhorn must establish his entitlement to a certificate of appealability before we may review the merits of the district court's dismissal.

Although Strayhorn contends that the district court erred when it refused to conduct a full resentencing after vacating the § 924(c) conviction, a district court "has broad discretion in crafting relief on a § 2255 claim." *United States v. Chaney*, 911 F.3d 222, 225 (4th Cir. 2018). Accordingly, a district court "is *authorized* to conduct a resentencing in awarding relief under § 2255, [but] not . . . *required*, in resolving every § 2255 motion, to conduct a resentencing." *Hadden*, 475 F.3d at 668.

As this court has expressly observed, a successful § 2255 proceeding must only result in "the vacatur of the prisoner's unlawful sentence . . . and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence." *Id*. at 661 (footnote omitted); *see also* 28 U.S.C. § 2255(b) (providing that, after a district court concludes a sentence is unlawful because the underlying conviction was unlawful, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate"). Thus, "the

3

goal of § 2255 review is to place the defendant in exactly the *same* position he would have been had there been no error in the first instance." *Hadden*, 475 F.3d at 665 (internal quotation marks omitted). We have reviewed the record and discern no abuse of discretion in the district court's decision to reimpose the sentence without the prison term for the vacated conviction. We therefore affirm the second amended criminal judgment.

To the extent Strayhorn seeks to challenge the district court's decision to deny relief on his other habeas claims, that order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). We have independently reviewed the record and conclude that Strayhorn has not made the requisite showing. We therefore deny Strayhorn's motion for a certificate of

4

appealability and dismiss the appeal as to the district court's partial denial of his amended § 2255 motion. [2]

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious grounds for appeal. Accordingly, we affirm in part, deny the motion for a certificate of appealability, and dismiss in part. This court requires that counsel inform Strayhorn, in writing, of his right to petition the Supreme Court of the United States for further review. If Strayhorn requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Strayhorn. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

---

[2] Although *Anders* counsel requests a certificate of appealability in part due to this court's 23-month delay in docketing the notice of appeal, "nothing in the record suggests that the docketing delay was more than a harmless clerical error." *United States v. Jenkins*, 22 F.4th 162, 168 (4th Cir. 2021). Significantly, Strayhorn has not established—nor does the record show—any prejudicial effect from the delay in docketing. *See id*. at 168 n.6.